1546

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

LAWRENCE ROBERT GRIMM

Criminal No. 26-207

(18 U.S.C. §§ 2251(a), 2251(e), 2252(a)(2), and 2252(b)(1))

**[UNDER SEAL]**

FILED
SEP 2 9 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF PA

## INDICTMENT

## COUNT ONE

The grand jury charges:

On or about January 21, 2026, in the Western District of Pennsylvania, the defendant, LAWRENCE ROBERT GRIMM, did employ, use, persuade, induce, entice, and coerce a minor known to the grand jury, herein identified as "Minor Victim," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, knowing or having reason to know that such visual depiction would be transported or transmitted using any means and facility of interstate and foreign commerce or in and affecting interstate and foreign commerce, and such visual depiction was produced or transmitted using materials that had been mailed, shipped, and transported in and affecting interstate or foreign commerce by any means, including by cellular telephone.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

**COUNT TWO**

The grand jury further charges:

On or about March 2, 2026, in the Western District of Pennsylvania, the defendant, LAWRENCE ROBERT GRIMM, did employ, use, persuade, induce, entice, and coerce a minor known to the grand jury, herein identified as "Minor Victim," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, knowing or having reason to know that such visual depiction would be transported or transmitted using any means and facility of interstate and foreign commerce or in and affecting interstate and foreign commerce, and such visual depiction was produced or transmitted using materials that had been mailed, shipped, and transported in and affecting interstate or foreign commerce by any means, including by cellular telephone.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

**COUNT THREE**

The grand jury further charges:

On or about March 3, 2026, in the Western District of Pennsylvania, the defendant, LAWRENCE ROBERT GRIMM, did knowingly receive a visual depiction of a minor using any means and facility of interstate and foreign commerce, namely, a cellular telephone, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct, and that depicted a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

**COUNT FOUR**

The grand jury further charges:

On or about March 20, 2026, in the Western District of Pennsylvania, the defendant, LAWRENCE ROBERT GRIMM, did employ, use, persuade, induce, entice, and coerce a minor known to the grand jury, herein identified as "Minor Victim," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, knowing or having reason to know that such visual depiction would be transported or transmitted using any means and facility of interstate and foreign commerce or in and affecting interstate and foreign commerce, and such visual depiction was produced or transmitted using materials that had been mailed, shipped, and transported in and affecting interstate or foreign commerce by any means, including by cellular telephone.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

**COUNT FIVE**

The grand jury further charges:

On or about March 20, 2026, in the Western District of Pennsylvania, the defendant, LAWRENCE ROBERT GRIMM, did knowingly receive a visual depiction of a minor using any means and facility of interstate and foreign commerce, namely, a cellular telephone, the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct, and that depicted a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

**FORFEITURE ALLEGATIONS**

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to defendant LAWRENCE ROBERT GRIMM that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 2253, in the event of the defendant's conviction under Counts One through Five of this Indictment.

2. Pursuant to Title 18, United States Code, Section 2253, upon conviction of the offenses set forth in Counts One through Five of this Indictment, in violation of Title 18, United States Code, Sections 2251(a) and 2252(a), the defendant, LAWRENCE ROBERT GRIMM, shall forfeit to the United States of America:

a. Any visual depiction described in Title 18, United States Code, Section 2251, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, or shipped, in violation of Title 18, United States Code, Chapter 110;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3. The property subject to this forfeiture notice includes, but is not limited to:

a. one Apple iPhone 6s Plus bearing the serial number F2LT12QHGRXG.

4. If any of the property described above, as a result of any act or omission of the defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

A True Bill,

FOREPERSON

TROY RIVETTI
United States Attorney
PA ID No. 56816

MORGAN A. CAMERLO
Assistant United States Attorney
PA ID No. 334153