IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

LAWRENCE ROBERT GRIMM

Criminal No. 26- 207

[UNDER SEAL]

FILED
SEP 29 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF PA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Morgan A. Camerlo, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a five-count indictment against the above-named defendant for alleged violations of federal law:

| Count | Offense/Date | Title/Section |
|---|---|---|
| One | Production of Material Depicting the Sexual Exploitation of a Minor<br><br>On or about January 21, 2026 | 18 U.S.C. §§ 2251(a) and 2251(e) |
| Two | Production of Material Depicting the Sexual Exploitation of a Minor<br><br>On or about March 2, 2026 | 18 U.S.C. §§ 2251(a) and 2251(e) |
| Three | Receipt of Material Involving the Sexual Exploitation of a Minor<br><br>On or about March 3, 2026 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| Four | Production of Material Depicting the Sexual Exploitation of a Minor | 18 U.S.C. §§ 2251(a) and 2251(e) |

| | | |
|---|---|---|
| | On or about March 20, 2026 | |
| Five | Receipt of Material Involving the Sexual Exploitation of a Minor | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| | On or about March 20, 2026 | |

## II. ELEMENTS OF THE OFFENSES

### A. As to Counts One, Two, and Four:

In order for the crime of Production of Material Depicting Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct as those terms are defined in Title 18, United States Code, Section 2256.

2. That the defendant intended that the minor engage in sexually explicit conduct.

3. That the purpose of using, persuading, inducing or enticing the minor to engage in such conduct was to produce a visual depiction of such conduct.

4. That the production of the visual depiction involved the use of materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, or that the defendant knew or had reason to know that such visual depiction would be transported in interstate or foreign commerce or mailed, or that the visual depiction had actually been transported in interstate or foreign commerce or mailed.

Title 18, United States Code, Section 2251(a).

**B. As to Counts Three and Five:**

In order for the crime of Receipt of Material Involving the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly received a visual depiction of a minor using any means or facility of interstate or foreign commerce;

2. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; and

3. That the visual depiction was of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(2)

## III. PENALTIES

**A. As to Counts One, Two, and Four: Production of Material Depicting Sexual Exploitation of a Minor (18 U.S.C. §§ 2251(a) and 2251(e)):**

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10) or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(e)).

2. A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. Supervised release for any term of years not less than 5, or up to life (18 U.S.C. § 3583(k)).

4. Any or all of the above.

**B. As to Counts Three and Five: Receipt of Material Involving the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be fined under this title and imprisoned not less than 15 years nor more than 40 years.

2. A fine of $250,000.00.

3. A term of supervised release of at least five years and up to life.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One through Five, an additional special assessment of $5,000.00 must be imposed at each count upon which the defendant is convicted as the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

With respect to Counts One, Two, and Four, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000.00 shall be assessed per count of conviction, as the offenses were committed after December 7, 2018, and the offenses are for child

pornography production as defined in 18 U.S.C. § 2259(c)(1).

Further, with respect to Counts Three and Five, pursuant to 18 U.S.C. § 2259A(a)(2), an additional special assessment of $35,000.00 shall be assessed upon conviction, as the offenses were committed after December 7, 2018, and the offenses are for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Five, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.

As to Counts Three and Five, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*/s/ Morgan A. Camerlo*
MORGAN A. CAMERLO
Assistant U.S. Attorney
PA ID No. 334153